PEOPLE *v.* FONS.

1. SEARCHES AND SEIZURES—SEARCH WARRANT—AFFIDAVIT BEFORE NOTARY INSUFFICIENT TO AUTHORIZE ISSUANCE OF WARRANT.

An affidavit made before a notary public may not be used as a basis for the issuance of a search warrant to search for evidence of a violation of the prohibition law, although

On conviction of keeping a common liquor nuisance upon proof of a single sale, see note in L. R. A. 1917F, 1110.

it shows that affiant had personal knowledge of facts which would have justified the issuance of a warrant had it been made before the magistrate, since he is called upon to perform a judicial act in issuing a search warrant, and the law contemplates a showing before him of good cause.

2. INTOXICATING LIQUORS—UNLAWFULLY KEEPING A PLACE FOR SALE OF LIQUOR—ONE SALE A VIOLATION.

A single sale of intoxicating liquor by the keeper of a place where soft drinks were sold is a violation of section 35, Act No. 338, Pub. Acts 1917, prohibiting the keeping of a place where intoxicating liquors are unlawfully possessed, sold, and furnished to others, especially in view of the fact that in said section the words "keeping" and "having" are used synonymously, and that section 45 provides that proof of a single sale shall be *prima facie* evidence of a violation of the act.

3. SAME—CONVICTION OBTAINED BY AID OF INVALID SEARCH WARRANT REVERSED.

Because a considerable portion of the evidence against defendant charged with violation of the prohibition law was unlawfully obtained by an invalid search warrant, his conviction is reversed and a new trial granted.

Exceptions before judgment from Ottawa; Cross (Orien S.), J.    Submitted April 13, 1923.    (Docket No. 112.)    Decided July 19, 1923.

Edward Fons was convicted of violating the liquor law.    Reversed.

*Charles E. Misner*, for appellant.

*Fred T. Miles*. Prosecuting Attorney, for the people.

MCDONALD, J.    The defendant was convicted under an information charging him with unlawfully keeping a place, to wit: a barroom in the Central House hotel at Spring Lake, Ottawa county, Michigan, where spirituous and intoxicating liquors, to wit: moonshine whisky, was unlawfully possessed, sold and furnished

to others. The case is here on exceptions before sentence.

On the 10th day of July, 1922, one Ernest F. Hyde went to defendant's place and purchased of him a drink and a small bottle of moonshine whisky. To this he made an affidavit which was sworn to before a notary public in the office of the prosecuting attorney. This affidavit was attached to an affidavit made on information and belief by Lawrence DeWitt before a justice of the peace and based on these two affidavits, the justice issued a search warrant. The return to the warrant shows that there was taken from defendant's possession in his hotel one pint bottle and one quart bottle of moonshine whisky. The evidence secured by the search warrant, the sale to Hyde and the chemical analysis of the liquor constituted the case against the defendant. No testimony was offered in his defense. The validity of the search warrant was raised by motion to quash. The motion was denied.

The questions presented by the record are:

1. Was the search warrant valid? Lawrence DeWitt, an officer at Grand Haven, made formal complaint and affidavit before a magistrate for this search warrant. His affidavit, which was on information and belief, states the grounds for his belief as follows:

"One Ernest F. Hyde purchased a drink of moonshine whisky there of said Ed. Fons on July 5th, July 7th and a drink and a bottle of such whisky on July 10th, all in 1922, as shown by his affidavit hereto attached."

Mr. Hyde did not appear before the magistrate and was therefore not sworn or examined by him. His affidavit was subscribed and sworn to before a notary public in the office of the prosecuting attorney. Hyde's affidavit shows that he had personal knowledge

of facts upon which the search warrant was issued. The question is whether the affidavit, not having been taken before the magistrate, can be used for such purpose. We think it cannot. In determining probable cause the magistrate is called upon to perform a judicial act. He must have before him for examination the witness who claims to have personal knowledge of the facts. The affidavit which is required to be taken before him in writing is the result of his examination; it is an important and necessary record of the legal evidence upon which he acts in determining probable cause for the issuance of a search warrant. The warrant does not issue from the mere fact of the filing of an affidavit, but from the finding of good cause based on legal evidence. The law contemplates a showing before a magistrate, such a showing as satisfies him that a crime has been committed. As there was no such showing in this case, the validity of the search warrant cannot be sustained.

Eliminating from the case evidence unlawfully obtained by an invalid search warrant, there remains the sale to Hyde on the 10th day of July, 1922, which counsel for the defendant claims is not sufficient to establish the offense charged in the first count of the information. As this question may arise on a retrial, we will dispose of it at this time. Is proof of a single sale sufficient to support the charge of keeping a place where intoxicating liquor is possessed, sold and furnished? Section 35 of the prohibition law defines what shall constitute the keeping of such a place. Under this section, "the keeping or having" in any place except a private dwelling house occupied as such, "any intoxicating liquors for the purpose of selling, giving away or furnishing to those frequenting such places, or to others, shall be held to be the keeping of a place where intoxicating liquors are sold,

furnished or given away." Act No. 338, Pub. Acts 1917, § 35.

Mr. Hyde's testimony shows that the defendant had intoxicating liquor behind his soft drink bar in the Central House hotel. The sale to Hyde of a portion of it, together with the fact that it was kept behind a bar in a hotel where other drinks were sold, clearly shows that he kept it for the purpose which the statute declares to be unlawful. It will be noted that in section 35 of the statute, the words "keeping" and "having" are used synonymously. Having intoxicating liquor in a soft drink barroom for the purpose of sale is keeping a place, etc. A single sale shows both the having or keeping and the purpose for which it is kept. In addition to section 35 of the act, which we think disposes of the question raised by defendant's counsel, section 45 provides that "Proof of a single sale  *  *  *  shall be *prima facie* evidence of a violation of this act." This refers to any of the unlawful acts mentioned in section 2, and clearly indicates that it was the legislative intent to make a single sale *prima facie* evidence of keeping a place where intoxicating liquors are unlawfully sold, furnished or given away.

The record presents no other questions which merit discussion.

Because a considerable portion of the evidence against defendant was unlawfully obtained by an invalid search warrant, the conviction must be reversed and a new trial granted.

WIEST, C. J., and FELLOWS, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.