## PEOPLE v. ZODER

1. SEARCHES AND SEIZURES—WARRANT—PROBABLE CAUSE—HEARSAY.
   Hearsay evidence may provide the probable cause necessary for the issuance of a search warrant so long as a substantial basis for crediting the hearsay is presented.

2. SAME—WARRANT—AFFIDAVIT—SUFFICIENCY.
   An affidavit for a search warrant is deficient where it states a mere conclusion and does not inform the magistrate of the underlying circumstances from which the affiant concluded that the property to be seized was where the affiant claimed it was and some of the underlying circumstances from which the affiant concluded that an informant was credible or his information reliable.

3. SAME—WARRANT—AFFIDAVIT—SUFFICIENCY.
   The vice of stating a mere conclusion and failing to state underlying circumstances upon which it is based in an affidavit for a search warrant is that the magistrate must accept the inferences drawn by the affiant rather than make his own independent evaluation.

4. SAME—WARRANT—AFFIDAVIT—SUFFICIENCY.
   An affidavit for a search warrant which states a mere conclusion on information and belief rather than personal knowledge, which did not state the source of the affiant's belief and failed to provide a basis for an independent finding of probable cause by the magistrate will not support the issuance of a search warrant.

Appeal from Monroe, Weipert (William J., Jr.), J. Submitted Division 2 December 5, 1967, at Lan-

REFERENCE FOR POINTS IN HEADNOTES

[1–4] 47 Am Jur, Searches and Seizures § 23.

sing.    (Docket No. 1,743.)    Decided December 23, 1968.

Charles Zoder was convicted of possession for sale and sale of intoxicating liquor without a license. Defendant appeals.    Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Paul E. Braunlich,* Prosecuting Attorney, and *James J. Rostash,* Chief Assistant Prosecuting Attorney, for the people

*Golden* and *Elconin,* for defendant.

LEVIN, J.    The defendant appeals a jury verdict convicting him of possession for sale and sale of intoxicating liquor without a license (PA 1933 [Ex Sess], No 8, as amended [MCLA, § 436.1 *et seq.;* Stat Ann 1957 Rev § 18.971 *et seq.*]).

All the questions on appeal turn on the propriety of the issuance of a search warrant under which certain alcoholic beverages were seized.    The defendant made a timely motion to suppress this evidence which was denied by the trial court.

Martha Cox, who had a great deal of trouble with her husband Raymond on account of his excessive drinking, called the police on Sunday, August 8, 1962, when her husband returned from defendant's boatyard in an intoxicated condition and began abusing her and one of their children.    When the police found a bottle of "moonshine" in her husband's automobile she accompanied them to the office of a justice of the peace where she executed a form affidavit and complaint for a search warrant.

The pertinent language of the form states that on August 8, 1965, Martha Cox appeared before the justice of the peace and after being first duly sworn

said that she "has good reason to believe and does believe that certain alcoholic liquors  *  *  *  are being unlawfully manufactured, sold, offered and kept for sale" by the defendant Zoder on premises occupied by him in the affidavit described, that he had not been licensed so to do "and that the facts supporting such suspicion and belief are as follows: to-wit: Raymond Cox by the purchase of moonshine the complainants husband".

Mrs. Cox was questioned extensively regarding her assertion that her husband Raymond Cox had purchased moonshine. She conceded she had never seen the defendant sell alcoholic beverages to her husband. She did not assert that her husband had ever told her he purchased alcoholic beverages from Zoder. She intimated that the basis of her information and belief that Zoder sold her husband intoxicating liquor was the "common knowledge" that Zoder's was the only place her husband could obtain such beverages on Sunday.

It is now settled, at least in the Federal courts, that hearsay evidence may provide the probable cause[1] necessary for the issuance of a search warrant "so long as a substantial basis for crediting the hearsay is presented." *Jones* v. *United States* (1960), 362 US 257, 269 (80 S Ct 725, 4 L Ed 2d 697, 707); *Aguilar* v. *Texas* (1964), 378 US 108, 114 (84 S Ct 1509, 12 L Ed 2d 723, 729).[2] It is also settled, however, that an affidavit for a search warrant based

---

[1] "Probable cause under the Fourth Amendment exists where the facts and circumstances within the affiant's knowledge, and of which he has reasonably trustworthy information, are sufficient unto themselves to warrant a man of reasonable caution to believe that an offense has been or is being committed." *Berger* v. *State of New York* (1967), 388 US 41, 55 (87 S Ct 1873, 18 L Ed 2d 1040, 1050).

[2] Federal and State cases supporting and opposing the rule of law just stated are discussed in the annotation, Propriety of considering hearsay or other incompetent evidence in establishing probable cause for issuance of search warrant, 10 ALR3d 359, and in the Later Case Service.

upon hearsay which does not set forth a substantial basis for crediting the hearsay is not sufficient.

In *Aguilar v. Texas, supra,* at p 109, the affiants stated that they had "received reliable information from a credible person" and on the basis thereof believed that narcotics were being kept at certain described premises for purposes of sale contrary to law. The Court held the affidavit deficient because it stated a (p 113) "mere conclusion" and did not inform the magistrate (p 114) "of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were, and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed [citation omitted] was 'credible' or his information 'reliable'."

The vice of stating a "mere conclusion" and in failing to state the underlying circumstances upon which the conclusion is based is that without a statement of the underlying circumstances the magistrate must accept the inferences drawn by the affiant rather than make his own independent evaluation. One of the reasons courts accept a finding of probable cause based on hearsay is that the hearsay is evaluated "by a neutral and detached magistrate". *Johnson v. United States* (1948), 333 US 10, 14 (68 S Ct 367, 92 L Ed 436, 440).

The *Aguilar* Court reviewed its earlier holdings. In *Nathanson v. United States* (1933), 290 US 41 (54 S Ct 11, 78 L Ed 159), the court held defective an affidavit which stated that the affiant "has cause to suspect and does believe that certain merchandise", the description and location of which was therein set forth, had been brought into the United States "contrary to law." The affidavit, said the United States Supreme Court, was not sufficient be-

cause it lacked (p 46) "any statement of adequate supporting facts."

The *Aguilar* Court also reviewed at length *Giordenello* v. *United States* (1958), 357 US 480 (78 S Ct 1245, 2 L Ed 2d 1503). In *Giordenello* the affidavit on its face purported to have been made on personal knowledge, but upon examination of the affiant at the hearing on the suppression motion it appeared that it was actually made upon information furnished by others. The *Giordenello* affidavit stated that on a specified date "Giordenello did receive, conceal, etc., narcotic drugs, to-wit: heroin hydrochloride with knowledge of unlawful importation".

The Court ruled the affidavit defective:

"The complaint contains no affirmative allegation that the affiant spoke with personal knowledge of the matters contained therein; it does not indicate any sources for the complainant's belief; and it does not set forth any other sufficient basis upon which a finding of probable cause could be made. We think these deficiencies could not be cured by the Commissioner's reliance upon a presumption that the complaint was made on the personal knowledge of the complaining officer. The insubstantiality of such an argument is illustrated by the facts of this very case, for Finley's [the affiant's] testimony at the suppression hearing clearly showed that he had no personal knowledge of the matters on which his charge was based." *Giordenello* v. *United States,* *supra,* p 486.

So, here. Martha Cox's affidavit was made on information and belief. The statement therein that her husband had "purchased" moonshine was a "mere conclusion". Martha Cox testified that she did not in fact have any personal knowledge whether her husband Raymond Cox had ever purchased "moonshine" or any other alcoholic beverages from the defendant Zoder.

Here, as in *Giordenello,* the affidavit did not state whether the affiant spoke with personal knowledge of the matters contained therein. As in *Nathanson, Giordenello* and *Aguilar,* Martha Cox's affidavit did not state the sources of her belief and failed to provide a basis for an independent finding of probable cause by the magistrate.

"The commissioner must judge for himself the persuasiveness of the facts relied on by a complaining officer to show probable cause. He should not accept without question the complainant's mere conclusion that the person whose arrest is sought has committed a crime." *Giordenello* v. *United States, supra,* p 486.[3]

The Michigan Supreme Court has expressed similar views. In *People* v. *Effelberg* (1922), 220 Mich 528, 530, the affidavit contained a number of conclusory statements including the following:

"That intoxicating liquors are sold therein and given away unlawfully."

The Michigan Supreme Court set aside the conviction stating (p 531):

"In each of the statements just above quoted, the affiant attempts to find and determine the ultimate fact that a violation of the law had been committed. It was not for him but for the magistrate to determine whether there was probable cause to justify issuing the search warrant. His statements are his conclusions and have no more force than if expressly stated on information and belief. Affiant

---

[3] We note that in *Aguilar* v. *Texas* the United States Supreme Court reversed a state court conviction and in so doing stated that the Fourth Amendment's proscriptions are enforced against the States through the Fourteenth Amendment and that the standard for obtaining a search warrant is the same under the Fourth and Fourteenth Amendments. *Aguilar* v. *Texas, supra,* p 110.

should have stated to the magistrate on oath or affirmation the facts and circumstances, if any were known to him, which induced the beliefs and the conclusions stated. The complaint recites no fact or circumstance upon the knowledge of the affiant to justify a finding of probable cause."

This function of the affidavit was stressed in *People* v. *Fons* (1923), 223 Mich 603, 606, where the Court stated:

"In determining probable cause the magistrate is called upon to perform a judicial act. He must have before him for examination the witness who claims to have personal knowledge of the facts. The affidavit which is required to be taken before him in writing is the result of his examination; it is an important and necessary record of the legal evidence upon which he acts in determining probable cause for the issuance of a search warrant. The warrant does not issue from the mere fact of the filing of an affidavit, but from the finding of good cause based on legal evidence. The law contemplates a showing before a magistrate, such a showing as satisfies him that a crime has been committed."

In *People* v. *Sesslin* (1968), 68 Advance Cal S Ct Rpts 431 (67 Cal Rptr 409, 439 P2d 321), the California Supreme Court reviewed the holdings of the United States Supreme Court in *Giordenello* and *Aguilar* and concluded that an affiant's statements couched in the words of the statute will not support a valid warrant and that the underlying facts must be stated so that the magistrate can independently determine on the basis of the evidence submitted whether there is probable cause.

For the reasons stated, the warrant to search Zoder's premises should not have been issued and his motion to suppress should have been granted.

Since there was other evidence upon which a conviction could be based, we remand for a new trial.

Reversed and remanded for a new trial.

T. G. KAVANAGH, J., concurred with LEVIN, J.

QUINN, P. J. *(concurring)*. The affidavit and complaint for search warrant contained no statement of adequate supporting facts and the search warrant was invalid. *People* v. *Effelberg* (1922), 220 Mich 528. Defendant's motion to suppress the evidence seized under the invalid search warrant should have been granted.