PEOPLE v SHERBINE

Docket No. 73179. Argued June 7, 1984 (Calendar No. 10).—Decided
December 28, 1984. Released February 1, 1985.

John J. Sherbine, II, was convicted by a jury in the Jackson
Circuit Court of first-degree felony murder. The Court of Ap-
peals, Allen, P.J., and R. B. Burns and D. F. Walsh, JJ., re-
versed and remanded for further proceedings in an unpublished
opinion per curiam (Docket No. 65307). While his appeal was
pending, and subsequent to the reversal of his conviction,
Sherbine made several collect phone calls, which were recorded
pursuant to a search warrant, in which he discussed details of
the murder and implicated himself. During his second trial, the
Jackson Circuit Court, Charles J. Falahee, J., granted the
defendant's motion to quash the search warrant authorizing
the telephone tap and to suppress the use of any taped conver-
sations obtained as a result of the tap. The Court of Appeals,
Danhof, P.J., and Allen and Robinson, JJ., denied the prose-
cutor leave to appeal (Docket No. 75193). The people appeal.

In an opinion by Justice Levin, joined by Chief Justice
Williams and Justices Kavanagh and Cavanagh, the Supreme
Court *held:*

An affidavit offered to establish grounds for issuing a search
warrant must be based upon reliable information supplied to
the complainant from a credible person. In this case, the
affidavit failed to satisfy the requirement, rendering the war-
rant and the search and seizure based on it invalid.

1. Before a search warrant may issue, the law enforcement
officer seeking the warrant must establish probable cause to
believe that incriminating evidence may be found in a specific
location. Generally, probable cause is shown by a sworn affida-
vit setting forth all the facts known to the affiant through
personal observations and hearsay. In Michigan, the affidavit
must be based on reliable information supplied to the complain-

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 68 Am Jur 2d, Searches and Seizures §§ 41-45, 63 *et seq.*

Propriety of considering hearsay or other incompetent evidence in
establishing probable cause for issuance of search warrant. 10
ALR3d 1059.

ant from a credible person, named or unnamed, who is affirma-
tively alleged to have spoken with personal knowledge. The
credibility of the informant must be shown by an assertion on
the face of the affidavit of facts tending to show credibility. The
magistrate who issues the warrant must additionally be sup-
plied with some of the underlying circumstances supporting the
conclusion that the informant is reliable.

2. In this case, the affidavit failed to meet the requirements
of informant credibility and informational reliability. There
was no allegation that the informant was a credible person; nor
did it show that the informant had given reliable information
about the telephone conversations. Because the affidavit was
deficient, the warrant was invalid, and the tape recordings
were properly suppressed.

Justice Brickley, concurring, stated that an affidavit showing
probable cause to issue a search warrant must contain affirma-
tive allegations that the person spoke with personal knowledge,
but need not contain affirmative allegations with regard to the
magistrate's finding that it contained reliable information from
a credible person, so long as there is some basis for inferring
reliability and credibility.

Affirmed.

Justice Boyle, joined by Justice Ryan, dissenting, stated that
the fundamental issue in every search warrant case is whether
probable cause to believe that the evidence is in the place to be
searched has been shown. Since it is the neutral and detached
magistrate who must make this decision, not the affiant, the
affidavit must allege facts which permit that determination to
be made. An affidavit which indicates that the affiant spoke
with personal knowledge of the matters contained therein
identifies the source of the affiant's belief. The rule that al-
though an affidavit may be based on hearsay information and
need not reflect the direct personal observations of the affiant,
the magistrate must be informed of some of the underlying
circumstances from which the informant concluded that the
evidence was where he claimed it was, and some of the under-
lying circumstances from which the officer concluded that the
informant was credible or his information reliable, did not
require that the unnamed person be shown to be credible, but
rather that the affiant show the magistrate why the informa-
tion was believable. Informant credibility or reliability is thus a
vehicle for demonstrating to the magistrate why the affiant
believes the evidence is in the place for which the warrant is
sought. A common-sense interpretation of the statute is that it
authorizes a warrant to issue on the basis of hearsay informa-

tion from an unnamed person so long as the information is reliable or the informant is credible, provided that the affidavit contains allegations that the unnamed person spoke with personal knowledge.

In this case, the tape recordings should not be suppressed. The affidavit contained allegations that the informant spoke with personal knowledge. The combination of the name of the informant, his long-term relationship with the defendant, the number of calls received, and the fact that they had become increasingly detailed in regard to the murder would permit a reasonably prudent person to conclude that a phone call from the defendant would probably include reference to the murder.

OPINION OF THE COURT

1. SEARCHES AND SEIZURES — SEARCH WARRANTS — PROBABLE CAUSE — AFFIDAVITS.

An affidavit offered to show probable cause why a search warrant should issue must be based upon reliable information from a credible person who is affirmatively alleged to have spoken with personal knowledge gained through personal observations or hearsay; the credibility of the informant must be shown by an assertion on the face of the affidavit of facts tending to show credibility, and the magistrate who issues the warrant must additionally be supplied with some of the underlying circumstances supporting the conclusion that the information is reliable (MCL 780.653; MSA 28.1259[3]).

CONCURRING OPINION BY BRICKLEY, J.

2. SEARCHES AND SEIZURES — SEARCH WARRANTS — PROBABLE CAUSE — AFFIDAVITS.

*An affidavit offered to show probable cause why a search warrant should issue must contain affirmative allegations that the person spoke with personal knowledge, but need not contain affirmative allegations with regard to the magistrate's finding that it contains reliable information from a credible person, so long as there is some basis for inferring reliability and credibility (MCL 780.653; MSA 28.1259[3]).*

DISSENTING OPINION BY BOYLE, J.

3. SEARCHES AND SEIZURES — SEARCH WARRANTS — PROBABLE CAUSE — AFFIDAVITS.

*A search warrant may issue on the basis of hearsay information from an unnamed person so long as the information is reliable or the informant is credible, provided that the affidavit offered to show probable cause why the warrant should issue contains*

*allegations that the unnamed person spoke with personal
knowledge (MCL 780.653; MSA 28.1259[3]).*

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Edward J. Grant,* Prosecuting Attorney, and *Joseph A. Greenleaf,* Chief
Appellate Attorney, for the people.

*Parker, Adams, Mazur & Matyjaszek, P.C.* (by
*James D. Adams),* for the defendant.

LEVIN, J. This appeal presents two separate but
interrelated questions regarding search warrant
procedure in this state. The first is whether a
search warrant based on an affidavit issued in
violation of MCL 780.653; MSA 28.1259(3), is invalid, and evidence obtained is required to be
excluded. The second is whether this Court should
reject the *"Aguilar*[1]*-Spinelli*[2] test" heretofore applied by Michigan courts[3] and substitute the totality of the circumstances test recently announced
by the United States Supreme Court in *Illinois v
Gates.*[4]

We conclude that the search and seizure was
based upon an invalid search warrant and must be

[1] *Aguilar v Texas,* 378 US 108; 84 S Ct 1509; 12 L Ed 2d 723 (1964).

[2] *Spinelli v United States,* 393 US 410; 89 S Ct 584; 21 L Ed 2d 637
(1969). The statute was enacted before *Spinelli* was decided. *Spinelli*
did not change the holding of *Aguilar,* but rather refined it. A
discussion of *Spinelli* is unnecessary and is not included.

[3] The Michigan courts that initially applied the *Aguilar* rule, later
the *Aguilar-Spinelli* test, did so without modifying the test. See, *e.g.,*
*People v Peterson,* 63 Mich App 538; 234 NW2d 692 (1975); *People v
Daniels,* 60 Mich App 458; 231 NW2d 386 (1975); *People v Hill,* 44
Mich App 308; 205 NW2d 267 (1973); *People v Iaconis,* 29 Mich App
443; 185 NW2d 609 (1971), aff'd sub nom *People v Bercheny,* 387 Mich
431; 196 NW2d 767 (1972).

In *People v Rodriguez,* 65 Mich App 723; 238 NW2d 385 (1975), lv
den 396 Mich 852 (1976), the Court of Appeals, without citation of
either *Aguilar* or *Spinelli,* applied a modified *Aguilar-Spinelli* analysis
in the application of MCL 780.653; MSA 28.1259(3).

[4] *Illinois v Gates,* 462 US 213; 103 S Ct 2317; 76 L Ed 2d 527 (1983).

excluded. This conclusion is mandated by the statute. Our decision makes it unnecessary to decide whether Const 1963, art 1, § 11,[5] incorporates the concepts of the *Aguilar-Spinelli* test.

I

John J. Sherbine, II, was found guilty of first-degree murder.[6] His conviction was reversed, and the cause remanded for a new trial because of the receipt in evidence of confessions and admissions that the Court of Appeals found should have been suppressed.[7] While the appeal was pending, and subsequent to the reversal of his conviction, Sherbine made several collect telephone calls to Joseph Franklin Bradway, Jr.

These telephone calls began in "late August or early September of 1982" and continued until November of 1983. A number of these conversations were recorded pursuant to a search warrant issued on September 9, 1983, and the prosecution attempted to introduce these tape recordings into evidence at Sherbine's trial. The circuit judge, however, granted Sherbine's motion to suppress the tape recordings. The Court of Appeals denied the prosecution's application for leave to appeal.[8] This Court granted leave to appeal.[9] We now affirm the circuit court.

---

[5] This section of the Michigan Constitution provides:

"The person, houses, papers and possessions of every person shall be secure from unreasonable searches and seizures. No warrant to search any place or to seize any person or things shall issue without describing them, nor without probable cause, supported by oath or affirmation."

[6] MCL 750.316; MSA 28.548.

[7] *People v Sherbine,* unpublished opinion per curiam of the Court of Appeals, decided June 28, 1983 (Docket No. 65307).

[8] *People v Sherbine,* unpublished opinion per curiam of the Court of Appeals, decided December 2, 1983 (Docket No. 75193).

[9] *People v Sherbine,* 418 Mich 945 (1984).

## II

It is well established that before a search warrant may be issued the law enforcement officer seeking the warrant must establish probable cause to believe that incriminating evidence may be found in a specific location.[10] This showing of probable cause is generally accomplished by a sworn affidavit setting forth all the facts known through personal observations and hearsay to the affiant. In this state, the contents of the affidavit is provided by statute.

The statute provides:

"The magistrate's finding of reasonable or probable cause shall be based upon all the facts related within the affidavit made before him. The affidavit may be based upon reliable information supplied to the complainant from a *credible person, named or unnamed,* so long as the affidavit contains affirmative allegations that the person spoke with personal knowledge of the matters contained therein." MCL 780.653; MSA 28.1259(3). (Emphasis added.)

The question presented is whether the affidavit in support of the search warrant satisfied the requirements of the second sentence of the statute. We conclude that it did not.

The affidavit stated:

"D. On the morning of September 8, 1983, your affiant conducted an interview with Joseph Franklin Bradway, Jr. at the Jackson County Sheriff's Department with reference to telephone conversations between himself and John Sherbine concerning the murder of LeRoy Earl Crenshaw.

"E. Mr. Bradway related to your affiant that he had

[10] See *Brinegar v United States,* 338 US 160; 69 S Ct 1302; 93 L Ed 1879 (1949); *Carroll v United States,* 267 US 132; 45 S Ct 280; 69 L Ed 543 (1925).

been friends with John Sherbine since October of 1978. That Mr. Bradway started receiving collect telephone calls from John Sherbine in late August or early September of 1982. That during the course of these conversations John Sherbine would, of his own accord begin to discuss various items related to the murder of LeRoy Crenshaw. That Mr. Sherbine has continued to call Mr. Bradway, collect since that time, and in fact, he has called at least 10 times and has discussed the murder of LeRoy Crenshaw on at least half of these occasions. The nature and detail of these conversations has become more detailed and explicit with each succeeding phone call. Mr. Bradway expects to keep receiving telephone calls from Mr. Sherbine. The last telephone call from John Sherbine was received by Mr. Bradway at 1:30 p.m. on September 7, 1983."

The statute supplements the search and seizure jurisprudence that had been developed by this Court and the United States Supreme Court. The statute provides that probable cause may be developed through the use of hearsay. The leading cases allowing the use of informant hearsay are *Aguilar* and *Spinelli.* The statutory provision, enacted as part of a comprehensive codification of search warrant practice and procedure,[11] was a codification and expansion of the rule enunciated in *Aguilar.*

In *Aguilar,* two Houston police officers applied for, and obtained, a search warrant upon the basis of informant-supplied information. The informant was identified only as a "credible person," a conclusion that was unsupported by any other allegation or assertion of fact. The balance of the affidavit consisted of conclusory statements that the informant had supplied "reliable information" and that the affiants believed that specified drugs were in a particular location. A search warrant was issued on the basis of the affidavit.

[11] See MCL 780.651-780.659; MSA 28.1259(1)-28.1259(9).

The United States Supreme Court held that the search warrant was invalid and the evidence should have been suppressed. In so holding, the Court developed a two-pronged test to assess whether an affidavit based on hearsay establishes probable cause. The first requirement is that "the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the [evidence was] where he claimed [it was]." *Aguilar, supra,* p 114. Second, the affiant must provide "some of the underlying circumstances from which [he] concluded that the informant, whose identity need not be disclosed . . . was 'credible' or his information 'reliable.' " *Id.* The Court said: "The affidavit here not only 'contains no affirmative allegation that the affiant spoke with personal knowledge of the matters contained therein,' it does not even contain an 'affirmative allegation' that the affiant's unidentified source 'spoke with personal knowledge.' " *Id.,* p 113, quoting *Giordenello v United States,* 357 US 480; 78 S Ct 1245; 2 L Ed 2d 1503 (1958).

The Legislature, in enacting the statutory provision, codified both requirements of the *Aguilar* decision. The statute, however, has three requirements, not two. The first is that the affidavit, when based on informant-supplied information, must contain affirmative allegations that the informant spoke with personal knowledge. The second is that the affidavit must set forth facts from which one may conclude that the informant is "credible." Because "credible" modifies the entire phrase "named or unnamed," the statute requires that proof of the informant's credibility must be presented in the affidavit whenever it is based on informant-supplied information. The naming of the informant is a factor to be considered in assessing credibility; however, it is not disposi-

tive.[12] The statute requires in every case that the credibility of the informant be shown, unlike *Aguilar,* which allows a choice between a showing of informant credibility and information reliability. The third is that the information must be shown to be reliable. The Legislature has determined that probable cause is not established until all three requirements have been satisfied.

An informant's credibility must be shown by an assertion of facts tending to support a finding of credibility. While proof of credibility may be accomplished in different ways,[13] facts tending to show credibility must appear on the face of the affidavit. Here, no facts showing Bradway's credibility were set forth in the affidavit.

The courts have consistently held that the issuing magistrate must be supplied with "some of the underlying circumstances supporting the conclusion that the person supplying the information is reliable."[14] The emphasis upon credibility is strong.[15]

---

[12] *People v Atkins,* 96 Mich App 672, 679; 293 NW2d 671 (1980), *lv den* 409 Mich 876 (1980).

[13] Facts that have been held to be probative of credibility include a course of performance in which the informant has supplied reliable information, see *McCray v Illinois,* 386 US 300, 303-304; 87 S Ct 1056; 18 L Ed 2d 62 (1967); *People v Beachman,* 98 Mich App 544; 296 NW2d 305 (1980); *People v Greer,* 91 Mich App 18, 24; 282 NW2d 819 (1979); *People v Davis,* 72 Mich App 21, 25; 248 NW2d 690 (1976); admissions against the informant's penal interest, see, *e.g., United States v Harris,* 403 US 573, 583-584; 91 S Ct 2075; 29 L Ed 2d 723 (1971); *United States v Davis,* 199 US App DC 95; 617 F2d 677 (1979); *Peterson, supra,* p 544; and corroboration of non-innocuous details of the informant's story by reliable, independent sources or police investigation, see *United States v Larkin,* 510 F2d 13, 15 (CA 9, 1974); *United States v Miles,* 425 F Supp 1256, 1259 (ED Mich, 1977); *United States v Pearce,* 356 F Supp 756 (ED Pa, 1973); *People v Williams,* 186 Colo 72, 74-75; 525 P2d 463 (1974); *Atkins, supra.* See also LaFave, *Probable cause from informants: The effects of Murphy's Law on Fourth Amendment adjudication,* 1977 U Ill L Forum 1, 47-48; Note, *The informer's tip as probable cause for search or arrest,* 54 Cornell L R 958, 966 (1969).

[14] *People v Brooks,* 101 Mich App 416, 419; 300 NW2d 582, 583

The affidavit in question fails to meet the requirements of informant credibility and informational reliability. Conspicuously absent is any allegation, supported or unsupported by the underlying facts, that Bradway is a credible person. The affidavit fails to even reach the level of a bare conclusory statement that Bradway is a "credible person."[16] The affidavit does not show that Bradway had given reliable information about the telephone conversations.[17] The affidavit is deficient under the statute, the warrant invalid, and the tape recordings were properly suppressed by the circuit judge.[18]

(1980). See also *People v David,* 119 Mich App 289, 294; 326 NW2d 485 (1982) (a warrant that failed to show that an unnamed informant is credible is invalid and the information supplied by him may not be considered in determining probable cause); *People v Atkins,* 96 Mich App 672, 677; 293 NW2d 671, *lv den* 409 Mich 876 (1980) (recordings obtained pursuant to a search warrant based on an affidavit in which a named informant was not shown to be credible).

[15] Informant credibility has also been emphasized in other jurisdictions under the *Aguilar-Spinelli* test. See, *e.g., People v Landy,* 59 NY2d 369; 465 NYS2d 857; 452 NE2d 1185 (1983); *State v Diaz,* 29 Or App 523; 564 P2d 1066 (1977).

[16] This should not be read to say that a pro forma statement that an informant is a "credible person" satisfies the statutory requirement. Indeed, an affidavit containing such a bald assertion, without any underlying facts supporting such an allegation, would be as deficient as the affidavit in the instant case. See *Aguilar, supra; People v Gleason,* 122 Mich App 482, 493; 333 NW2d 85 (1983); *Davis, supra,* p 25; *People v Hill,* 44 Mich App 308, 315; 205 NW2d 267 (1973); *People v Zoder,* 15 Mich App 118; 166 NW2d 289 (1968).

Acceptance of such a conclusory statement by an issuing magistrate would be an abdication of his judicial function. In *Zoder,* the Court said:

"The vice of stating a 'mere conclusion' and in failing to state the underlying circumstances upon which the conclusion is based is that without a statement of the underlying circumstances the magistrate must accept the inferences drawn by the affiant rather than make his own independent evaluation." *Zoder, supra,* p 121.

[17] Although the actual conversations would have been difficult, but not impossible, to reproduce for purposes of the affidavit, Southworth could have, as a start, verified the placing of the collect calls by use of telephone company records.

[18] Although the statute is constitutionally based, evidence may be

In *People v Dixon,*[19] this Court ordered the suppression of evidence when the police failed to accord the defendant a statutory right and such noncompliance resulted in incriminating evidence.[20]

Oregon also has codified its procedures for the issuance of search warrants. In *State v Russell,* 293 Or 469; 650 P2d 79 (1982), the Supreme Court of Oregon suppressed evidence because of noncompliance with its statute.[21]

The statutory violation here is clear. The statute requires proof that the informant who supplied the information be credible. The affidavit here failed to satisfy this requirement. The evidence must therefore be suppressed.

Affirmed.

WILLIAMS, C.J., and KAVANAGH and CAVANAGH, JJ., concurred with LEVIN, J.

---

excluded even if the constitutional standards are satisfied if there is noncompliance with the statute. See *People v Chartrand,* 73 Mich App 645, 652; 252 NW2d 569, *lv den* 400 Mich 848 (1977).

[19] 392 Mich 691; 222 NW2d 749 (1974).

[20] In *Dixon,* the defendant had been convicted of unlawful possession of heroin. He had been arrested for operating a motor vehicle without a license, a misdemeanor. Because of the nature of the violation, the defendant had a statutory right to bail in a specified amount. He was not informed of this right and was searched when the right was not exercised. The search revealed the heroin. The evidence was suppressed because of the violation of the statute.

[21] The Oregon statute requires an oral statement under oath in support of a search warrant in addition to an affidavit. That provision also requires that the issuing judge "shall make and keep a record of any testimony taken before him." Or Rev Stat 133.555(1). The Oregon statute also provides that an affidavit must "set forth facts bearing on any unnamed informant's reliability. . . ." Or Rev Stat 133.545(3).

In *Russell,* the affidavit failed to set forth such facts, and, although the informant appeared before the issuing magistrate, no record of testimony by the informant existed. The court said that "at least for purposes of this case, we consider Or Rev Stat 133.545(3) and 133.555(1) as presenting purely statutory requirements as to the form and recordation of probable cause allegations made in support of search warrants, free from any constitutional context." The court suppressed the proffered evidence.

BRICKLEY, J. *(concurring)*. I agree with Justice BOYLE that a fair and common-sense reading of MCL 780.653; MSA 28.1259(3) reveals that the statute is fulfilled if the "personal knowledge" requirement is satisfied by the affidavit and "so long as the information is reliable or the informant is credible." I also think this latter part of the statutory standard is equivalent to the constitutional standard of *Aguilar v Texas,* 378 US 108; 84 S Ct 1509; 12 L Ed 2d 723 (1964), as it has been recently interpreted by *Illinois v Gates,* 462 US 213; 103 S Ct 2317; 76 L Ed 2d 527 (1983).

I do not agree, however, that that standard has been met in this case. The statute requires that an affidavit relating hearsay contain "affirmative allegations that the person spoke with personal knowledge of the matters contained therein," but does not require such "affirmative allegations" with regard to the magistrate's finding that the affidavit contained "reliable information from a credible person." However, in this case, there is no information whatsoever, outside of the four corners of the informant's allegations, from which his credibility or the reliability of the information he supplied can even be inferred. There is no question that the information, if reliable (and that can be supplied by either some extrinsic validation of some of the information by the affiant or by some assertion by the affiant of the informant's credibility), would supply more than the requisite probable cause.

Because I think neither the constitutional nor the statutory requirements were met, I concur with the suppression of the evidence resulting from the use of the search warrant.

BOYLE, J. I dissent.
The Michigan statute, MCL 780.653; MSA

28.1259(3), on which Justice LEVIN relies for his conclusion, was first enacted as 1966 PA 189, two years after the decision in *Aguilar v Texas,* 378 US 108; 84 S Ct 1509; 12 L Ed 2d 723 (1964). I find it highly unlikely that the statute was intended to expand *Aguilar.* I conclude that it is more likely that it was intended to codify the concepts articulated therein.

The fundamental issue in every search warrant case is whether probable cause to believe that the evidence is in the place to be searched has been shown. Since it is the neutral and detached magistrate who must make this decision, not the affiant, the affidavit must allege facts which permit that determination to be made. *Giordenello v United States,* 357 US 480; 78 S Ct 1245; 2 L Ed 2d 1503 (1958). An affidavit which indicates that the affiant spoke with personal knowledge of the matters contained therein identifies the source of the affiant's belief. *Id.* The rule of *Aguilar* was simply that "[a]lthough an affidavit may be based on hearsay information and need not reflect the direct personal observations of the affiant, *Jones v United States,* 362 US 257 [80 S Ct 725; 4 L Ed 2d 697 (1960)], [in such cases] the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the [evidence was] where he claimed [it was], and some of the underlying circumstances from which the officer concluded that the informant . . . was 'credible' *or* his information 'reliable.'" 378 US 114 (emphasis added; citations omitted). The requirement was not that the unnamed person be shown to be credible as that term is used in a courtroom, but rather was a requirement that the affiant show the magistrate why the information was believable.

Informant credibility or reliability is thus a

vehicle for demonstrating to the magistrate *why* the affiant believes the evidence is in the place for which the warrant is sought. I believe a common-sense interpretation of the statute is as follows: it authorizes a warrant to issue on the basis of hearsay information from an unnamed person so long as the information is reliable or the informant is credible, provided that the affidavit in such case contains allegations that the unnamed person spoke with personal knowledge.

For example, where the information provided was that an unnamed informer had previously provided correct information on 200 occasions, this information would be both credible and reliable. The construction of the statute advanced by Justice LEVIN would require that in every case, whether named or unnamed, proof of the informant's credibility must be shown. This construction would take us to the quite remarkable conclusion, that if one of the justices provided the police with information that he or she had received a series of threatening phone calls and expected to receive another, a magistrate would not be warranted in issuing a warrant unless the affiant officer also provided proof that the justice is credible *and* that the information is reliable. It would also prevent issuance of a search warrant where the affiant is communicating incriminating statements made to him by a third party. If the communication is, "I will have the drugs at my home tonight," this is surely reliable information, but I doubt that the speaker could be independently shown to be a credible person.

To the extent that the statute is ambiguous, I can see no basis for construing it in a manner which would require a greater showing than any decision of the United States Supreme Court has

ever suggested, particularly where it will produce such anomalous results.

Applying this analysis to the facts of the warrant in the instant case, in light of the ultimate issue, that is, has the affiant demonstrated why he believes the information will be where he says it is and is it reasonable to so believe, I conclude first that the affidavit does contain allegations that the provider of the information spoke with personal knowledge. He was the recipient of the phone calls and heard the conversations. Second, the combination of the name of the informant, his long-term relationship with Sherbine, the number of calls received, and the fact that they had become increasingly detailed in regard to the murder of LeRoy Crenshaw (a murder for which defendant had been once convicted, and was then awaiting retrial)[1] were such as to permit a reasonably prudent person to conclude that a phone call from Sherbine would probably include reference to the murder.

Finally, even were I to conclude that the statute should be read as requiring a third requirement, I would not conclude that suppression is required. The affidavit meets the test set forth in *Aguilar, supra,* or *Illinois v Gates,* 462 US 213; 103 S Ct 2317; 76 L Ed 2d 527 (1983).

I cannot conceive of a reason why we should apply the exclusionary rule to the supposed violation of a statute where the affidavit would pass constitutional muster under either Const 1963, art 1, § 11, or US Const, Am IV, see *People v Nash,* 418 Mich 196; 341 NW2d 439 (1983).

RYAN, J., concurred with BOYLE, J.

[1] These facts were not presented in the affidavit.