PEOPLE v ALLEN TANIS

PEOPLE v CLARINDA TANIS

Docket Nos. 87948, 87949. Submitted May 8, 1986, at Grand Rapids.
Decided August 5, 1986. Leave to appeal denied, 426 Mich 876.

Allen Tanis was convicted of possession with intent to deliver PCP,
possession of less than fifty grams of cocaine, and possession of
LSD, following a bench trial in the Ottawa Circuit Court, James
E. Townsend, J. He subsequently pled guilty to a charge of
being an habitual offender, second offense, and was sentenced
to a prison term of four to fourteen years.

Clarinda Tanis was convicted by the circuit court on her plea of
guilty to a charge of attempting to possess less than fifty grams
of cocaine. She was sentenced to two years' probation with the
first ninety days in the county jail. Both defendants appealed,
claiming error in the circuit court's refusal to grant a motion to
suppress evidence seized from their home pursuant to a search
warrant, which was issued by the magistrate based on a sup-
porting affidavit which relied on information supplied by an
informant. The Court of Appeals consolidated their appeals and
*held:*

1. The circuit court correctly concluded that the affidavit in
this case failed to satisfy the requirements set out in *People v
Sherbine,* 421 Mich 502 (1984), because it did not set forth facts
from which one may conclude that the informant was credible.
The trial court erred, however, in determining that the *Sher-
bine* requirements were not applicable to this case.

2. The search warrant is invalid and the evidence seized
pursuant to the warrant should have been suppressed.

REFERENCES

Am Jur 2d, Evidence §§ 415, 416, 425-427.

Am Jur 2d, Searches and Seizures §§ 60-70.

Disputation of truth of matters stated in affidavit in support of
search warrant-modern cases. 24 ALR4th 1266.

Comment note on "fruit of the poisonous tree" doctrine excluding
evidence derived from information gained in illegal search. 43
ALR3d 385.

3. The Court of Appeals declined to adopt a good-faith exception to the exclusionary rule.

4. Allen Tanis' convictions were reversed. Clarinda Tanis is entitled to withdraw her guilty plea.

Reversed and remanded.

1. APPEAL — CRIMINAL LAW — EVIDENCE.

A trial court's ruling on a motion to suppress evidence will be reversed only if the trial court abused its discretion or if its ruling was clearly erroneous.

2. SEARCHES AND SEIZURES — SEARCH WARRANTS — AFFIDAVITS.

An affidavit offered to show probable cause why a search warrant should issue, where such affidavit is based on information supplied by an informant, must: (1) contain affirmative allegations that the informant spoke with personal knowledge; (2) set forth facts from which one may conclude that the informant is credible; and (3) contain information shown to be reliable (MCL 780.565; MSA 28.1259[3]).

3. COURTS — APPELLATE DECISIONS — RETROACTIVITY.

The general rule in Michigan is that decisions of appellate courts are to be given full retroactivity unless limited retroactivity is justified.

4. SEARCHES AND SEIZURES — EXCLUSIONARY RULE — GOOD-FAITH EXCEPTION.

Michigan does not recognize a good-faith exception to the exclusionary rule regarding illegally seized evidence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Wesley J. Nykamp,* Prosecuting Attorney, and *Gregory J. Babbitt,* Assistant Prosecuting Attorney, for the people.

*Catchick & Dodge* (by *David A. Dodge*), for defendant on appeal.

Before: D. E. Holbrook, Jr., P.J., and Wahls and M. E. Dodge,* JJ.

Wahls, J. Following a bench trial, Allen Tanis was convicted of possession with intent to deliver PCP, MCL 333.7401(1) and (2)(b); MSA 14.15(7401)(1) and (2)(b), possession of less than fifty grams of cocaine, MCL 333.7403(1) and (2)(a)(iv); MSA 14.15(7403)(1) and (2)(a)(iv), and possession of LSD, MCL 333.7403(1) and (2)(b); MSA 14.15(7403)(1) and (2)(b). He subsequently pled guilty to a charge of being an habitual offender, second felony offense, MCL 769.10; MSA 28.1082, and was sentenced to a prison term of from four to fourteen years.

Clarinda Tanis tendered a conditional plea of guilty to a charge of attempting to possess less than fifty grams of cocaine, MCL 750.92; MSA 28.287, MCL 333.7403(2)(a)(iv); MSA 14.15(7403)(2)(a)(iv), and was sentenced to two years probation with the first ninety days to be spent in the county jail.

In these consolidated appeals as of right, defendants ask this Court to review the denial of Allen Tanis' motion to suppress evidence of drugs and drug paraphernalia seized during the search of their home. A trial court's decision on a motion to suppress will be reversed only if the trial court abused its discretion or if its decision was clearly erroneous. *People v Potter,* 115 Mich App 125, 134; 320 NW2d 313 (1982).

On January 16, 1985, a search warrant was issued authorizing the search of defendants' home for drugs, drug paraphernalia and drug-related items such as records of drug transactions. The affidavit upon which the warrant was issued was based on information supplied by an informant. In

* Circuit judge, sitting on the Court of Appeals by assignment.

this motion to suppress, defendant Allen Tanis argued that the affidavit failed to meet the requirements of MCL 780.653; MSA 28.1259(3),[1] as set forth in *People v Sherbine,* 421 Mich 502; 364 NW2d 658 (1984). In *Sherbine, supra,* pp 509-510, the Supreme Court held that, pursuant to the statute, an affidavit based on informant hearsay must meet three requirements: (1) the affidavit must contain affirmative allegations that the informant spoke with personal knowledge; (2) the affidavit must set forth facts from which one may conclude that the informant is credible; and (3) the information must be shown to be reliable.

The trial court acknowledged that the affidavit in the instant case failed to satisfy the three-pronged test of *Sherbine,* but held that *Sherbine* was not controlling because it was released two weeks after the issuance of the search warrant.[2] The court then determined that under the Michigan Constitution,[3] the affidavit supported a determination of probable cause by the magistrate under the two-pronged "*Aguilar*[4]-*Spinelli*[5] test" as

---

[1] The statute provides:

> The magistrate's finding of reasonable or probable cause shall be based upon all the facts related within the affidavit made before him. The affidavit may be based upon reliable information supplied to the complainant from a credible person, named or unnamed, so long as the affidavit contains affirmative allegations that the person spoke with personal knowledge of the matters contained therein.

[2] *Sherbine* was decided on December 28, 1984, but was not released until February 1, 1985. The search warrant in this case was issued on January 16, 1985.

[3] Const 1963, art 1, § 11.

[4] *Aguilar v Texas,* 378 US 108; 84 S Ct 1509; 12 L Ed 2d 723 (1964).

[5] *Spinelli v United States,* 393 US 410; 89 S Ct 584; 21 L Ed 2d 637 (1969). Under the *Spinelli* test, which refined the *Aguilar* test, an affidavit based on informant hearsay must state: (1) why the informant is reliable; and (2) the underlying circumstances from which the informant drew his conclusions.

well as the totality of the circumstances test of *Illinois v Gates.*[6]

On appeal, defendants argue that *Sherbine* should be given retroactive application. The prosecution argues that should this Court determine that *Sherbine* is controlling, it should adopt the good-faith exception to the exclusionary rule, as did the United States Supreme Court in *United States v Leon,* 468 US 897; 104 S Ct 3405; 82 L Ed 2d 677 (1984), and affirm the trial court's denial of the motion to suppress.[7]

We disagree with the trial court's conclusion that the three-pronged test for the sufficiency of an affidavit based on informant hearsay, as set forth in *Sherbine,* is inapplicable. As a general rule, decisions of Michigan appellate courts are to be given full retroactivity unless limited retroactivity is justified. *Moorehouse v Ambassador Ins Co,* 147 Mich App 412, 420-421; 383 NW2d 219 (1985). Decisions involving a change in settled law usually have limited retroactivity. *Tebo v Havlik,* 418 Mich 350, 360-361; 343 NW2d 181 (1984), reh den 419 Mich 1201 (1984), citing *Parker v Port Huron Hospital,* 361 Mich 1; 105 NW2d 1 (1960) (doctrine of charitable immunity overruled); *Bricker v*

[6] *Illinois v Gates,* 462 US 213; 103 S Ct 2317; 76 L Ed 2d 527 (1983). In *Gates,* the United States Supreme Court overruled *Spinelli* and held that a probable cause decision under the Fourth Amendment requires a common-sense determination whether, given all the circumstances set forth in the affidavit, there is a fair probability that contraband or evidence of the crime will be found in a particular place.

[7] The trial court concluded that "the ·Michigan Supreme Court is likely to adopt the good-faith exception to the exclusionary rule as a priniciple of Michigan constitutional law." The trial court then determined that the good-faith exception to the exclusionary rule applied to the facts of this case. We note, however, that such a determination was not necessary to the case as the court had previously held that the affidavit was sufficient under both the *Aguilar-Spinelli* and *Gates* tests. If an affidavit is sufficient, and the search warrant is otherwise valid, then neither the exclusionary rule nor the good-faith exception to that rule apply.

*Green,* 313 Mich 218; 21 NW2d 105 (1946) (doctrine of imputed negligence overruled). Where statutory construction has been involved, the retroactivity of a decision is limited when justice so requires. *Tebo, supra,* p 361, citing *Gusler v Fairview Tubular Products,* 412 Mich 270; 315 NW2d 388 (1981); *Franges v General Motors Corp,* 404 Mich 590; 274 NW2d 392 (1979).

Although *Sherbine* involved the construction of a statute, we do not believe it involved a change in settled law. MCL 780.653; MSA 28.1259(3) was enacted after the *Aguilar* decision was rendered. The Legislature, in enacting the statute, codified the two-pronged test of *Aguilar* and added a third requirement. *Sherbine, supra,* p 509. In *People v Rodriguez,* 65 Mich App 723, 727; 238 NW2d 385 (1975), lv den 396 Mich 852 (1976), this Court, without citation to either *Aguilar* or *Spinelli,* applied a three-pronged analysis of MCL 780.653:

> We read the statute as covering two types of affidavits, namely: one in which the affiant states facts, and one in which the affiant states only informant information. The *latter type may be sufficient if the information is reliable, from a credible person and if the affidavit contains affirmative allegations that the informant spoke with personal knowledge of the information.* [Emphasis added.]

We conclude that *Sherbine* should have retroactive effect on all cases arising after the *Sherbine* decision wherein the issue is raised.

The affidavit in the instant case contained the following statement of facts establishing probable cause or the grounds for the search:

> On 9-30-83 an informant under surveillance by the West Michigan Enforcement Team purchased

suspected methamphetamine from Allen Gene Tanis. On 10-10-83 the same informant purchased, under W.E.M.E.T. surveillance, suspected marijuana. On 10-4-83 the same informant purchased, under W.E.M.E.T. surveillance, suspected marijuana and suspected methamphetamine. On 11-1-83 the same informant purchased, under W.E.M.E.T. surveillance, suspected PCP, and suspected marijuana. All of the surveillance of the above purchase was conducted by W.E.M.E.T. officers under my command as the D/LT in charge of the W.E.M.E.T.

In March, 1984, one subject was arrested by W.E.M.E.T. officers and charged with delivery of cocaine, delivery of LSD. This subject informed officers that he had purchased LSD from Allen Gene Tanis.

In late summer of 1984 a suspect who had sold cocaine to W.E.M.E.T. officers was followed immediately prior to the sale, to the above described residence.

At 6:00 P.M. on 1-16-85 this affiant was advised by an informant who had been in the above described resident repeatedly in the last two weeks, and as recently [as] January 14, 1985, that he had observed marijuana, suspected cocaine, suspected methamphetamine. Informant stated also that a triple beam scale, a cocaine grinder, and packaging material was observed. The suspected cocaine was in rock and powder form and was represented by Allen Gene Tanis to be cocaine.

The trial court concluded that the affidavit did not meet the statutory requirements set forth in *Sherbine* because it did not set forth facts from which one may conclude that the informant was credible.[8] We agree with the trial court and conclude

[8] The trial court also stated:

While the 1983 incidents referred to in the affidavit were too remote and too speculative to be considered, the information received on January 16, 1985, was specific and timely. Facts stated as to the 1984 incidents constituted corroboration of the reliability of the January 16, 1985 information.

that the affidavit is deficient under the statute.[9] Accordingly, the warrant is invalid and the evidence should have been suppressed. *Sherbine, supra,* pp 509-510; *People v Mitchell,* 142 Mich App 518, 520; 370 NW2d 392 (1985).

The prosecution urges us to adopt a good-faith exception to the exclusionary rule. In *United States v Leon, supra,* the United States Supreme Court held that evidence seized by officers in reasonable reliance on a warrant issued by a detached and neutral magistrate should be admissible in the prosecution's case in chief.

Michigan courts have not adopted a similar exception to the exclusionary rule of the Michigan Constitution[10] and we decline to do so herein. Prior to the *Leon* decision, this Court, in an opinion written by Judge (now Justice) Cavanagh, refused to adopt a good-faith exception to the exclusionary rule. *People v David,* 119 Mich App 289, 297-298; 326 NW2d 485 (1982), lv den 417 Mich 858 (1983). Our Supreme Court also had an opportunity to adopt the good-faith exception prior to *Leon* but declined to do so. *People v Bloyd,* 416 Mich 538, 556; 331 NW2d 447 (1982). *Sherbine* was decided six months after the United States Supreme Court decided *Leon,* but is silent on the issue. Until we are directed otherwise, we will not adopt a rule that, where the police act in good faith and reasonable reliance on a search warrant which is issued in violation of a statute, the exclusionary rule will not be applied.

Accordingly, the trial court's decision to admit the evidence seized in the search of defendants'

---

[9] Although independent surveillance was done by the police, the facts setting forth the police officers' surveillance of defendants' home in the summer of 1984 do not give rise to probable cause to believe that the evidence to be seized would be found in defendants' home.

[10] Const 1963, art 1, § 11.

home is reversed. Allen Tanis' convictions are reversed. Clarinda Tanis is entitled to withdraw her plea of guilty. *People v Reid,* 420 Mich 326, 337; 362 NW2d 655 (1984).

Reversed and remanded.