PEOPLE v EDWARDS

Docket No. 88255. Submitted January 12, 1987, at Detroit. Decided March 17, 1987.

Milton Edwards was charged with carrying a gun in an automobile. The district court thereafter granted defendant's motion to suppress the evidence. The people appealed and the Recorder's Court for the City of Detroit affirmed, Dalton A. Roberson, J. The people appeal.

The Court of Appeals *held:*

Where a police officer makes a routine stop of a vehicle for a traffic offense which is a civil infraction, there is no obligation to give *Miranda* warnings where the questions asked by the police relate to the existence of weapons in the vehicle. The facts indicate that the police officers were not obligated to give *Miranda* warnings and the motion to suppress was thus erroneously granted.

Reversed and remanded for trial.

1. APPEAL — CRIMINAL LAW — EVIDENCE.

A trial judge's decision on a motion to suppress evidence will be reversed only if the trial judge abused his discretion or his decision was clearly erroneous.

2. CRIMINAL LAW — *MIRANDA* WARNINGS — VEHICLE STOPS.

There is no obligation to give *Miranda* warnings where a police officer makes a routine stop of a vehicle for a traffic offense which is a civil infraction and where the questions asked by the officer relate to the existence of weapons in the vehicle.

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCES

Am Jur 2d, Appeal and Error § 166.

Am Jur 2d, Criminal Law §§ 791-797.

Violation of Federal constitutional rule (Mapp v Ohio) excluding evidence obtained through unreasonable search or seizure, as constituting reversible or harmless error. 30 ALR3d 128.

Right of motorist stopped by police officers for traffic offense to be informed at that time of his federal constitutional rights under Miranda v Arizona. 25 ALR3d 1076.

*Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*Cornel Smith,* for defendant.

Before: R. M. Maher, P.J., and Shepherd and Allen,* JJ.

Shepherd, J. Defendant was charged with carrying a gun in an automobile, MCL 750.227; MSA 28.424. However, following preliminary examination the charge was dismissed by virtue of a May 13, 1985, order of the district court which granted defendant's motion to suppress the evidence. The order was appealed to Detroit Recorder's Court, which affirmed. The people appeal by leave granted. We reverse.

The facts are not disputed. Defendant was driving his 1979 automobile on May 4, 1985, at about 8:15 P.M. He allegedly failed to signal a right turn and disregarded a stop sign. Two uniformed Detroit police officers, Dennis Lantzy and Gordon Olsen, in a marked automobile, stopped defendant. They approached defendant, who had gotten out of his car. Officer Olsen asked defendant for his license. Defendant gave the officer his license and a certificate of financial responsibility. Officer Lantzy asked defendant if he had any weapons on him or in the car. Defendant denied having a weapon on him and mumbled something else which the officer could not understand. Officer Lantzy again asked if defendant had a weapon in the car. This time defendant said he had a weapon

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

in a bag. There were two female passengers in the vehicle at the time of the traffic stop. Officer Olsen retrieved the gun from the side pocket of defendant's car and arrested defendant.

At the preliminary examination, defendant argued that the gun must be suppressed because he was "in custody" at the time he responded to the police officer's question about the gun and he was not given *Miranda* warnings. *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966). Defendant argues that the lower court correctly ruled that *Miranda* warnings were required because although defendant was detained on a routine traffic offense, the detention escalated into a "custody" situation when the police officers asked him whether he had a gun in his car. We disagree.

A trial judge's decision on a motion to suppress will be reversed only if the trial judge abused his discretion or his decision was clearly erroneous. *People v Tanis*, 153 Mich App 806; 396 NW2d 544 (1986).

In *Berkemer v McCarty*, 468 US 420; 104 S Ct 3138; 82 L Ed 2d 317 (1984), the Supreme Court ultimately ruled that the safeguards required by *Miranda* applied where the defendant had allegedly committed a misdemeanor traffic offense. 468 US at 429, 434. However, the Supreme Court also held that a motorist detained pursuant to a routine traffic stop is not taken into "custody" for *Miranda* purposes. 468 US at 442. A routine traffic stop was found to be analogous to a "*Terry*[1] stop," rather than a formal arrest, because of the noncoercive aspects of both. 468 US at 439-440.

Defendant argues that *Berkemer* is distinguishable from the instant case because here the police officer asked defendant whether he had a gun in

---

[1] *Terry v Ohio*, 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968).

the car. This, defendant argues, escalates the situation to a "custody" situation requiring that defendant be given *Miranda* rights. Defendant reasons that the question concerning the gun goes beyond the investigation of a routine traffic offense. We cannot agree with defendant's argument.

Defendant was detained for a routine traffic violation. A short amount of time elapsed between the time of the stop and the arrest for the gun violation. The police officer's question concerning the gun did not create the sort of coercive atmosphere where *Miranda* warnings are required to protect the free exercise of the right against self-incrimination and the question legitimately related to the officer's concern for his safety and the safety of others.

We further note that the people's arguments are reinforced by the fact that defendant was not initially detained for a criminal offense. The traffic offenses for which defendant was stopped are now civil infractions. MCL 257.648; MSA 9.2348 (failure to signal) and MCL 257.649; MSA 9.2349 (failure to stop at a stop sign).

In summary, we hold that where an officer makes a routine stop of a vehicle for a traffic offense which is a civil infraction, there is no obligation to give *Miranda* warnings where the questions asked relate to the existence of weapons in the vehicle.

Reversed and remanded for trial.