Weaver, J.
I concur in the majority’s holding that the violations of MCL 780.653(b) and MCR 3.606(A) do not require suppression of the evidence seized in these cases. I write separately to note that I do not believe the reenactment rule can be relied on in the present cases. As explained by Justice Boyle in her dissent in People v Sloan, 450 Mich 160, 202-203; 538 NW2d 380 (1995), in which I joined:
The [Sloan] majority’s assertion of legislative acquiescence in the decision in Sherbine,[1] to use of the exclusionary rule to suppress evidence obtained in alleged violation of the statute before us is wholly mistaken. In Sherbine, this Court’s majority interpreted the former version of the statute as if it imposed a more restrictive standard than the Fourth Amendment and suppressed evidence on the basis of that consideration. The swift reaction of the Legislature was to amend MCL 750.653; MSA 28.1259(3), to make it clear that the Court was incorrect in concluding that what had occurred was a statutory violation. The Legislature had no need to say what should not be excluded; it relied on the Court’s word that were it clear that the Legislature had authorized the warrant, suppression would not be ordered.
Acting on our representation, the amended legislation tracked the Fourth Amendment. Because “our holding that evidence obtained in violation of the statute must be excluded,” ante at 183 (Cavanagh, J.), was wholly derived from our narrow reading of MCL 780.653; MSA 28.1259(3), the legislative amendment of the statute is not an acquiescence in, but rather a repudiation of, the view in Sherbine that the evidence should be excluded.
*515 However, while I do not believe the reenactment rale should be relied on in the present cases for the reasons outlined by Justice Boyle, my opinion should not be construed to mean that the rale may not be relied on in other cases where it is appropriate.

 People v Sherbine, 421 Mich 502; 364 NW2d 658 (1984).