## PEOPLE v LARSON

Docket No. 67222. Submitted May 17, 1983, at Marquette.—Decided
    August 11, 1983.

Lavonne S. Larson was convicted of possession of marijuana with
    intent to deliver, Dickinson Circuit Court, V. Robert Payant, J.
    Defendant appealed, alleging that the search warrant used by
    the police in obtaining evidence was defective because the
    supporting affidavit was insufficient to establish probable cause
    for issuance of the search warrant. *Held:*

The sufficiency of an affidavit based largely upon hearsay
    information provided by an unnamed informant is to be deter-
    mined using a "totality of the circumstances" analysis, under
    which the magistrate is to decide whether, given all the circum-
    stances set forth in the affidavit, including the veracity and
    basis of knowledge of persons supplying hearsay information,
    there is a fair probability that contraband or evidence of a
    crime will be found in a particular place. The affidavit in the
    present case met this requirement, and the magistrate did not
    err by issuing the search warrant.

Affirmed.

SEARCHES AND SEIZURES — AFFIDAVITS IN SUPPORT OF WARRANT —
    TOTALITY OF CIRCUMSTANCES.

The question of whether an informant's tip and corroborating
    circumstances provide the probable cause necessary to issue a
    search warrant is to be determined using a "totality of the
    circumstances" analysis; under this standard the issuing magis-
    trate is to make a practical, common-sense decision whether,
    given all the circumstances set forth in the affidavit before him,
    including the veracity and basis of knowledge of persons sup-
    plying hearsay information, there is a fair probability that
    contraband or evidence of a crime will be found in a particular
    place, and the duty of a reviewing court is to ensure that the

REFERENCES FOR POINTS IN HEADNOTE
68 Am Jur 2d, Searches and Seizures §§ 64-70.
Propriety of considering hearsay or other incompetent evidence in
    establishing probable cause for issuance of search warrant. 10
    ALR3d 359.

magistrate had a substantial basis for concluding that probable cause existed.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Michael J. Kusz,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, for the people.

*Bradley Seidel,* for defendant on appeal.

Before: CYNAR, P.J., and J. H. GILLIS and WAHLS, JJ.

PER CURIAM. Defendant Lavonne Susan Larson appeals as of right her jury conviction of possession of marijuana with intent to deliver, MCL 333.7401, subds (1), (2)(c); MSA 14.15(7401), subds (1), (2)(c).

Defendant was arrested the night of June 8, 1982, when the Iron Mountain police arrived at her home armed with a search warrant. The search of defendant's home revealed a large quantity of marijuana and numerous other items and paraphernalia connected with the drug trade.

Prior to trial, defendant moved to suppress the introduction of the evidence seized on the ground that the search warrant was defective. This motion was denied by the trial court on September 2, 1981.

On appeal, defendant once again challenges the sufficiency of the search warrant. In particular, defendant contends that ¶ 3 of the affidavit in support of the search warrant, which purports to set forth the facts establishing probable cause for the search, is insufficient. Paragraph 3 of the affidavit states as follows:

"Affiant is Lt. with Iron Mt. Police. On June 8, 1982,

at approximately 9:30 p.m. confidential informant advises affiant that informant purchased 1/2 oz. of marijuana from Roy Recla at 206 West Flesheim. Affiant searched informant prior to entering Recla apartment and found no controlled substances. Informant was continually observed by affiant or fellow officers going into Recla apartment and returning. When informant returned he had baggie with approximately 1/2 oz. of marijuana as field tested by affiant. Informant advises that Recla left his apartment to go to "Lavonne's" to secure marijuana. Fellow officers observed Recla go to above described residence stay for approximately 15 minutes and leave and return to Recla apartment where informant advises he then had baggie of marijuana which he sold to informant."

Defendant asserts that the affidavit, based in a large part on hearsay information provided by an unnamed informant, fails to establish probable cause to issue a search warrant under the so-called "two-pronged test" developed by the United States Supreme Court in *Aguilar v Texas,* 378 US 108; 84 S Ct 1509; 12 L Ed 2d 723 (1964), and *Spinelli v United States,* 393 US 410; 89 S Ct 584; 21 L Ed 2d 637 (1969), and applied by the Michigan Supreme Court in *People v Walker,* 401 Mich 572; 259 NW2d 1 (1977).

Recently, however, in *Illinois v Gates,* — US —; 103 S Ct 2317; 76 L Ed 2d 527 (1983), the Supreme Court rejected the use of a rigid formula in favor of a "totality of circumstances" approach in determining when an informant's tip, and corroborating circumstances, provide the probable cause necessary to secure a warrant:

"[W]e conclude that it is wiser to abandon the 'two-pronged test' established by our decisions in *Aguilar* and *Spinelli.* In its place we reaffirm the totality of the circumstances analysis that traditionally has informed probable cause determinations. See *Jones v United*

*States* [362 US 257; 80 S Ct 725; 4 L Ed 2d 697 (1960)];
*United States v Ventresca* [380 US 102; 85 S Ct 741; 13
L Ed 2d 684 (1965)]; *Brinegar v United States* [338 US
160; 69 S Ct 1302; 93 L Ed 1879 (1949)]. The task of the
issuing magistrate is simply to make a practical, com-
mon-sense decision whether, given all the circumstances
set forth in the affidavit before him, including the
'veracity' and 'basis of knowledge' of persons supplying
hearsay information, there is a fair probability that
contraband or evidence of a crime will be found in a
particular place. And the duty of a reviewing court is
simply to ensure that the magistrate had a 'substantial
basis for * * * conclud[ing]' that probable cause existed.
*Jones v United States, supra,* 362 US 271. We are
convinced that this flexible, easily applied standard will
better achieve the accommodation of public and private
interests that the Fourth Amendment requires than
does the approach that has developed from *Aguilar* and
*Spinelli.*" — US —; 103 S Ct 2332; 76 L Ed 2d 548.
(Footnote omitted.)

We have no difficulty in concluding that the
totality of circumstances in this case provided the
magistrate with a substantial basis for concluding
that there existed a fair probability that mari-
juana would be found in defendant's residence.

The affidavit described what is known as a con-
trolled buy. The information did not come from an
anonymous tipster, but from an individual, al-
though unnamed, who had worked directly under
the control and supervision of the police. The
individual was not insulated by anonymity from
confrontation by the police, for whom he had
worked, in the event the information he provided
proved inaccurate or fabricated.

The informant's assertions were to a large ex-
tent corroborated by independent observations by
police. That marijuana was obtained in the Recla
residence was established beyond a fair probability
by the fact that the agent was checked by police

before he went in and did not possess any controlled substances. The informant's statement that Recla had to go to defendant's residence to secure the marijuana, police observations of Recla making the trip to that location, and Recla's providing the informant with marijuana immediately upon returning are sufficient circumstances from which the magistrate could conclude that there existed a "fair probability" that marijuana would be found at defendant's residence.

There are, perhaps, "innocent" explanations consistent with the activities observed by police. *Cf. People v David,* 119 Mich App 289; 326 NW2d 485 (1982). However, considering the events sequentially, in conjunction with the informant's information, we conclude that the flexible standard established in *Illinois v Gates, supra,* was met in this case.

Affirmed.