PEOPLE v HALL

Docket No. 88300. Submitted June 24, 1986, at Detroit. Decided January 12, 1987.

Mildres R. Hall, a licensed pharmacist, and his wife, Ruth E. Hall, were charged in Detroit Recorder's Court with possession with intent to deliver four different controlled substances, possession with intent to deliver codeine, and receiving and concealing stolen property with a value of more than $100. Defendants were bound over on the drug charges but not on the receiving and concealing charges. Defendants moved to suppress the evidence, challenging the validity of the search warrant under which their home was searched and the evidence seized. The court, Samuel C. Gardner, J., found that Ruth Hall was improperly bound over for trial and that the search warrant affidavit was insufficient to support the warrant relied upon by the police in searching defendants' home. The charges were dismissed. The people appealed from the trial court's decision as to the sufficiency of the search warrant affidavit.

The Court of Appeals *held:*

1. The search warrant affidavit, when read as a whole, presented the magistrate with probable cause to believe that controlled substances were contained within defendants' home and thus the warrant authorizing a search of those premises was properly issued. The drug charges against defendant Mildres Hall are reinstated and the case is remanded to the trial court for further proceedings.

2. On remand the defendant may reassert his argument challenging the police search of a trash bag containing packets with traces of cocaine.

Reversed and remanded.

REFERENCES

Am Jur 2d, Searches and Seizures §§ 63 *et seq.*

Propriety of considering hearsay or other incompetent evidence in establishing probable cause for issuance of search warrant. 10 ALR3d 359.

Sufficiency of affidavit for search warrant based on affiant's belief, based in turn on information, investigation, etc., by one whose name is not disclosed. 14 ALR2d 605.

SEARCHES AND SEIZURES — PROBABLE CAUSE.
> A search warrant affidavit which would be deficient if based solely upon an informant's knowledge of allegations made in the affidavit may provide sufficient probable cause to issue a search warrant where an independent investigation conducted by the police corroborates the accuracy and reliability of the information supplied by the informant.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *A. George Best II,* Assistant Prosecuting Attorney, for the people.

*Joel Isaacson* and *Steven Fishman,* of Counsel, for defendants.

Before: M. J. KELLY, P.J., and J. H. GILLIS and J. R. ERNST,* JJ.

PER CURIAM. This is a prosecutor's appeal from an order dismissing charges against defendant Mildres Hall. We reverse and remand.

Defendant Mildres Hall is a licensed pharmacist. At the time of this offense, Hall operated a retail pharmacy and was authorized to purchase, store and distribute certain controlled substances at his pharmacy, in accordance with proper record-keeping requirements. Defendant had no authority to operate a pharmacy out of his home on East Outer Drive in the City of Detroit. On March 13, 1985, Detroit Police officers executed a search warrant at defendant's residence and discovered a substantial amount of drugs stored throughout the house. Defendant Ruth Hall, Mildres Hall's wife, was present during the search.

Both defendants were charged with four counts of possession with intent to deliver four different

---

* Circuit judge, sitting on the Court of Appeals by assignment.

controlled substances, MCL 333.7401(1) and (2)(b); MSA 14.15(7401)(1) and (2)(b), one count of possession with intent to deliver codeine, MCL 333.7401(1) and (2)(d); MSA 14.15(7401)(1)and (2)(d), and one count of receiving and concealing stolen property over $100, MCL 750.535; MSA 28.803. The magistrate bound defendants over on the five drug counts but refused to bind them over on the receiving and concealing charges on the ground that the prosecutor had failed to produce evidence at the preliminary examination establishing defendants' knowledge that the items in their possession were stolen. The prosecutor does not appeal from that decision.

Defendants were represented by separate attorneys in Detroit Recorder's Court, and both moved to suppress the evidence obtained as a result of the search warrant and to dismiss the drug charges. Following oral argument on the motions, the trial court concluded that (1) defendant Ruth Hall was improperly bound over to Detroit Recorder's Court because the prosecutor had failed to produce evidence at the preliminary examination establishing her intent to deliver or her knowledge of her husband's intent to deliver the drugs contained within the house and (2) the search warrant affidavit was insufficient to support the warrant relied upon by the police in searching defendants' home. The charges against both defendants were dismissed. The prosecution does not appeal from the trial court's finding of improper bindover as to defendant Ruth Hall · but challenges only the court's findings with regard to the sufficiency of the search warrant affidavit.[1]

---

[1] Our decision today thus does not affect the dismissal of the charges against defendant Ruth Hall. The trial court's ruling with regard to the insufficiency of evidence produced against her at the preliminary examination is not disturbed.

The affidavit relied upon by the magistrate in issuing a warrant to search the defendants' home provided:

The affiant is a member of the Wayne County Federal Task Force and is working on a controlled substance investigation involving the trafficking of cocaine and controlled tablets by a black male subject who is known as Mildres Hall from inside of 10886 E. Outer Drive, Detroit. During the course of this investigation the affiant has received information from a past reliable informant which stated that Mildres Hall was selling large amounts of cocaine and controlled tablets. The informant stated that the controlled substance trafficking was taking place from 10886 E. Outer Drive, Detroit. During the investigation the affiant has conducted short surveillances of the named location and during these surveillances the affiant has observed subjects park in the area of the named location and enter the premises and stay for short spans of time. Information from informant has resulted in confiscation of cocaine and arrest of two persons, cases pending. Information from the informant further stated that Hall was in possession of automatic type firearms and handguns.

Within the past 24 hours of the date of this search warrant the affiant obtained the trash for the named premises and an investigation of the trash contents resulted in the removal of papers in the names of Mildres Hall and Ruth Hall, the papers contained the address of 10886 E. Outer Drive, Detroit, 48224. The trash also contained used syringes and clear heat sealed type containers (two), each of which contained a white powder residue substance.

The affiant and assisting task force agents conducted a controlled substance field test on the contents of the heat seal containers and the result of the test was positive for cocaine.

Based upon the above stated information, surveillance, confiscation and field test it is believed

that controlled substances are being stored inside
of the named location in violation of the Michigan
Controlled Substance Act.

In concluding that this affidavit was inadequate to
support the warrant issued, the trial court relied
solely upon *People v Sherbine,* 421 Mich 502; 364
NW2d 658 (1984), in which the Supreme Court
held that a search warrant affidavit based upon
hearsay information is adequate to establish prob-
able cause under MCL 780.653; MSA 28.1259(3)
only if the affidavit (1) contains affirmative allega-
tions that the informant spoke with personal
knowledge, (2) sets forth facts to show that the
informant is credible and (3) sets forth facts to
show that the information obtained is reliable.
Here, the trial court concluded, and we agree, that
the affidavit is deficient on the informant's per-
sonal knowledge of the allegations made.

However, unlike the affidavit in *People v Sher-
bine,* which was based solely on information ob-
tained through an informant, the affidavit in this
case was also based upon non-hearsay investiga-
tion. After receiving information from the infor-
mant, the police in this case conducted an indepen-
dent investigation and discovered used packets of
cocaine in defendants' trash bag. They also ob-
served patterns of visitors to and from defendants'
home typical of drug trafficking. We conclude that
the affidavit, when read as a whole, presented the
magistrate with probable cause to believe that
controlled substances were contained within defen-
dants' home and he thus properly issued a war-
rant authorizing a search of those premises. Com-
pare *People v Sellars,* 153 Mich App 22; 394 NW2d
133 (1986).

Given our ruling on the adequacy of the search
warrant affidavit, we need not address the prose-

cutor's argument with regard to the good faith exception of the search warrant requirement. We note, however, that this Court has declined to adopt the exception enunciated in *United States v Leon,* 468 US 897; 104 S Ct 3405; 82 L Ed 2d 677 (1984), pending further instruction from the Michigan Supreme Court. See *People v Sellars, supra,* and *People v Tanis,* 153 Mich App 806; 396 NW2d 544 (1986).

We further note that, although defendant below challenged the police search of the trash bag containing packets with traces of cocaine, the trial court did not rule on this argument given its dismissal on the basis of an insufficient search warrant affidavit. We decline to render a decision on appeal of an issue not decided below but observe that this opinion is without prejudice to defendant's right to reraise the argument on remand.

Reversed and remanded.