PEOPLE v SHERWOOD

Docket No. 98293. Submitted November 5, 1987, at Grand Rapids. Decided April 1, 1988. In lieu of granting leave to appeal, the judgment of the Court of Appeals is reversed and the judgment of the Kent Circuit Court is reinstated, 431 Mich —.

Sandra L. Sherwood and William C. Sherwood pled guilty to attempted possession with intent to deliver marijuana in the Kent Circuit Court, Stuart Hoffius, J. The guilty plea was conditioned upon defendants' preserving for appeal the issue whether the trial court erred in denying their motion to suppress evidence obtained in a search conducted under a search warrant. Defendants appealed.

The Court of Appeals *held:*

The trial court erred in refusing to suppress the evidence obtained in the search. The search warrant was invalid since the affidavit did not satisfy the requirements of MCL 780.653; MSA 28.1259(3). Information was absent from the affidavit from which the magistrate could make the required findings of reliability, credibility or personal knowledge regarding the informant-supplied information.

Reversed.

D. A. BURRESS, J., dissented. He would find that, under the circumstances of this case, the information contained in the affidavit was both credible and reliable and would affirm.

SEARCHES AND SEIZURES — WARRANTS — PROBABLE CAUSE — AFFIDAVITS.

An affidavit offered to show probable cause for the issuance of a search warrant which is based on informant-supplied information must contain affirmative allegations that the informant spoke with personal knowledge, set forth facts from which one may conclude that the informant is credible, and show the information to be reliable (MCL 780.653; MSA 28.1259[3]).

REFERENCES

Am Jur 2d, Searches and Seizures §§ 63 *et seq.*

Disputation of truth of matters stated in affidavit in support of search warrant—modern cases. 24 ALR4th 1266.

Propriety of considering hearsay or other incompetent evidence in establishing probable cause for issuance of search warrant. 10 ALR3d 359.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, *Timothy K. McMorrow,* Chief Appellate Attorney, and *Carol K. Bucher,* Assistant Prosecuting Attorney, for the people.

*Wadel & Bulger, P.C.* (by *Peter J. Wadel*), for defendants.

Before: WAHLS, P.J., and BEASLEY and D. A. BURRESS,* JJ.

BEASLEY, J. On April 9, 1986, defendants, Sandra Lee Sherwood and William Clyde Sherwood, pled guilty to attempted possession with intent to deliver marijuana, in violation of MCL 750.92; MSA 28. 287, MCL 333.7401(2)(c); MSA 14.15(7401)(2)(c). Defendant Sandra Lee Sherwood was sentenced to eighteen months probation. Defendant William Clyde Sherwood was sentenced to twelve months probation, with the first nine months to be spent in the county jail. Defendants appeal as of right.

On appeal, defendants claim the trial court erred when it denied their motion to suppress evidence obtained in a search under a warrant. Defendants pled guilty conditioned upon preserving the issue for appeal.[1] Defendants argue that the affidavit in support of the search warrant was insufficient to support probable cause due to infirmities under *People v Sherbine.*[2] In *Sherbine,* the Supreme Court held that, under MCL 780.653; MSA 28.1259(3), an affidavit based on informant-supplied information must: (1) contain affirmative allegations that the informant spoke with personal knowledge; (2) set forth facts from which one may

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] See *People v Reid,* 420 Mich 326; 362 NW2d 655 (1984).

[2] 421 Mich 502; 364 NW2d 658 (1984).

conclude that the informant is credible; and (3) show the information to be reliable.[3]

The affidavit of Larry Beld provided:

> Your affiant is a police officer with the Ottawa County Sheriff's Department currently assigned to the West Michigan Enforcement Team (WEMET) which is a narcotics unit under the direction of the Michigan State Police. In mid-September of 1985, the Governor's Office contacted the Michigan State Police in Lansing concerning suspected marijuana trafficking at 12080 Verlin Drive, Spencer Township, Kent County, Michigan. This information was then passed to WEMET.
>
> After receipt of this information, on September 30, 1985, Lt. Wes Haney of the Michigan State Police attached to WEMET recovered the garbage which had been abandoned in front of the premises at 12080 Verlin Drive. Inspection of the garbage and laboratory testing revealed marijuana residue in a grocery bag, a marijuana roach in a garbage bag and an empty Dow Zip-Lock Freezer Bag container for one gallon size, which is commonly used for sealing and packaging of marijuana for sale to others.
>
> On October 14, 1985, Lt. Wes Haney again recovered abandoned garbage from in front of the above described premises. Inspection of the garbage revealed a piece of paper containing the following writing "Sandy, here's that other four ounces I owed you on that pound." On the other side of the paper it contains figures along with the name "Joe". There was also an empty packet of Zip-Zag Gummed Cigarette Papers, commonly used in the smoking of marijuana. In addition, there was an envelope containing various figures including the word "rock." "Rock" is a word commonly used to refer to cocaine.
>
> On October 21, 1985, Lt. Wes Haney again recovered the garbage from in front of the above described premises. A search of this garbage re-

---

[3] *Sherbine, supra,* pp 509-510.

vealed two plastic straws cut into pieces, commonly called "tooters" and used in the use of cocaine. Michigan State Police chemist Allen Kamppainen determined the presence of cocaine on the "tooters." There was also marijuana residue and seeds and four partial marijuana cigarettes.

Defendants argue that the affidavit does not supply probable cause because it does not provide any information that the magistrate could use to determine that the source in the Governor's office was credible or spoke with personal knowledge. The tip from the Governor's office, however, merely provided a starting point from which the police could begin an independent investigation. A magistrate may issue a warrant based on probable cause if the police have conducted an independent investigation to confirm the accuracy and reliability of the information regardless of the knowledge and reliability of the source.[4] The affidavit's final three paragraphs contain no hearsay information from the Governor's office.

The Governor's office, however, is not the only source of hearsay. The affidavit's fourth paragraph states: "Michigan State Police chemist Allen Kamppainen determined the presence of cocaine on the 'tooters.' There was also marijuana residue and seeds and four partial marijuana cigarettes." Nowhere does the affiant provide facts from which a magistrate could determine that Kamppainen is a credible person, nor does it state reasons for finding the information reliable. While the law assumes police officers to be credible sources, a police officer affiant still must show the information received from a fellow officer to be reliable.[5] Here, the affiant does not state how the chemist

[4] *People v Sellars,* 153 Mich App 22, 27; 394 NW2d 133 (1986).

[5] *Sellars, supra,* p 27.

determined the presence of cocaine—it might not have been from personal knowledge—nor does he specify who confirmed the presence of marijuana or how it was confirmed. Absent this information, a magistrate could not make the finding of reliability required by *Sherbine*.

In paragraph two, the affidavit states, "Inspection of the garbage and laboratory testing revealed marijuana residue in a grocery bag, a marijuana roach in a garbage bag . . . ." It does not state who performed the test. Absent that information, the magistrate could not make the finding of reliability, credibility, or personal knowledge required by *Sherbine*.

Every statement connecting marijuana or cocaine to the house at 12080 Verlin Drive fails the three-prong test of *Sherbine*. The affidavit did not satisfy the requirements of MCL 780.653; MSA 28.1259(3). The warrant was invalid, and the trial court erred when it refused to suppress the evidence obtained in the search.

Reversed.

WAHLS, P.J., concurred.

D. A. BURRESS, J. *(dissenting)*. I would affirm the trial judge.

Although the initial information in this case came from an unnamed source in the Governor's office, the police conducted their own three-week investigation which included an examination and testing of abandoned garbage. *People v Hall*, 158 Mich App 194, 198; 404 NW2d 219 (1987).

The second paragraph of the affidavit states in part: "Inspection of the garbage and laboratory testing revealed marijuana residue in a grocery bag, a marijuana roach in a garbage bag and an empty Dow Zip-Lock Freezer Bag container for one

gallon size, which is commonly used for sealing and packaging of marijuana for sale to others."

The fourth paragraph states in part: "Michigan State Police chemist Allen Kamppainen determined the presence of cocaine on the 'tooters.' There was also marijuana residue and seeds and four partial marijuana cigarettes."

Search warrant affidavits must be read and viewed in a common-sense manner. *People v Dinsmore,* 103 Mich App 660, 674; 303 NW2d 857 (1981).

"The courts have consistently held that the issuing magistrate must be supplied with 'some of the underlying circumstances supporting the conclusion that the person supplying the information is reliable.' The emphasis upon credibility is strong." *People v Sherbine,* 421 Mich 502, 510; 364 NW2d 658 (1984).

This case is different from the usual line of "informant" cases. Here the police conducted their own three-week investigation and enlisted the aid of Michigan State Police chemist Allen Kamppainen who determined the presence of cocaine on the "tooters."

The knowledge generated in this case is not the type of knowledge or information which would fall in the category of "an offhand remark heard at a neighborhood bar," *People v Brooks,* 101 Mich App 416, 420; 300 NW2d 582 (1980), and issues such as those raised in *California v Greenwood,* 182 Cal App 3d 729; 227 Cal Rptr 539 (1986), cert gtd — US —; 107 S Ct 3260; 97 L Ed 2d 760 (1987), are not before the Court.

In paragraph two we find specific reference to "laboratory testing" concerning the marijuana.

Under the circumstances of this case, the infor-

mation was both credible, *People v Mackey,* 121 Mich App 748, 754; 329 NW2d 476 (1982), and reliable.

Accordingly, I would affirm the trial court.